IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-04-145 (2) |
| | § | C.A. No. C-05-196 |
| OSCAR LUIS ALVARADO-RODRIGUEZ, | § | |
|     Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO DISMISS, DISMISSING MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE
AND DENYING CERTIFICATE OF APPEALABILITY**

On April 20, 2005, the Clerk received from Movant Oscar Luis Alvarado-Rodriguez ("Alvarado") a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (D.E. 56).[1] On August 1, 2005, the government filed its response and a motion for summary judgment, or, in the alternative, a motion to dismiss. (D.E. 59, 60). Alvarado has not filed a reply. As discussed herein, Alvarado validly waived his right to file the claim raised in his § 2255 motion. Because the Court finds the waiver to be valid and enforceable, the government's motion to dismiss is GRANTED and Alvarado's § 2255 motion is DISMISSED WITH PREJUDICE.

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

---

[1]    Docket entry references are to the criminal case, C-04-145.

1

## II.  FACTS AND PROCEEDINGS

On April 14, 2004, an indictment was filed in this case naming Alvarado and a co-defendant. (D.E.1).   Alvarado was charged with one count of illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b), and two counts of transporting illegal aliens, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(II) and 1324(a)(1)(B)(ii).  (D.E. 1).  On May 27, 2004, Alvarado pleaded guilty to the illegal reentry count, pursuant to a written plea agreement.  (D.E. 22, 23).  In exchange for his guilty plea to that count and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive maximum credit for acceptance of responsibility, to recommend a sentence at the low end of the applicable guideline range, and to move to dismiss the remaining counts at sentencing. (D.E. 23).

The plea agreement contained a voluntary waiver of Alvarado's right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  The defendant waives the right to appeal the sentence imposed or the manner in which it was determined.  The defendant may appeal only (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States.  Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant waives the right to contest his/her

2

> conviction or sentence by means of any post-conviction
> proceeding.

(D.E. 23 at ¶ 7)(emphasis in original).  The agreement is signed by Alvarado and his

counsel.  Alvarado testified at his rearraignment that he understood the agreement, that he

read it and discussed it with his attorney, and that he signed it.  (D.E. 61, Rearraignment

Transcript ("R. Tr.") at 20).

The Court questioned Alvarado under oath at the rearraignment to ensure that his

plea was voluntary and knowing and to ensure that he understood and was voluntarily

relinquishing his appeal rights and right to file a § 2255 motion.  After ensuring that his

waiver of appellate rights was voluntary, the Court specifically questioned Alvarado

concerning his waiver of § 2255 rights:

> **THE COURT:** You are also giving up your right to later
> challenge your conviction and your sentence by filing any type
> of post-conviction petition, known as a motion to vacate or writ
> of habeas corpus.  Is that what you want to do ... Mr.
> Alvarado?
>
> **DEFENDANT:** Yes, sir.

(R. Tr. at 22).  It is clear from the foregoing that Alvarado's waiver was knowing and

voluntary.  <u>See</u> Fed. R. Crim. P. 11(b)(1)(N)(obligating court to ensure defendant

understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The Court sentenced Alvarado on September 9, 2004 to 41 months in the custody

of the Bureau of Prisons, to be followed by a three-year term of supervised release, and

imposed a $100 special assessment.  (D.E. 49, 52).  Judgment of conviction and sentence

was entered September 20, 2004. (D.E. 52).  Consistent with his waiver of appellate rights,

Alvarado did not appeal.  His § 2255 motion was received by the Clerk of this Court on

April 20, 2005.  (D.E. 56).

### III.  MOVANT'S ALLEGATIONS

In his motion, Alvarado asserts only a single claim for relief.  Specifically, he claims

that in light of the Supreme Court's decisions in United States v. Booker 125 S. Ct. 738

(2005),  Blakely v. Washington, 124 S. Ct. 2531 (2004) and Apprendi v. New Jersey, 530

U.S. 466 (2000), it is clear that Almendarez-Torres v. United States, 523 U.S. 224 (1998)

was incorrectly decided.  He claims that these new decisions, contrary to the decision in

Almendarez-Torres, make clear that the "sentencing enhancment" in 8 U.S.C. § 1326(b)(1)

& (2) is unconstitutional.[2]  Thus, he argues that his sentence, which was enhanced under

---

[2]      Subsection (b) of 8 U.S.C. § 1326 increases the criminal penalties for the reentry of certain
removed aliens, including those who have previously been convicted of certain types of offenses.  The
Almendarez-Torres court held that Congress intended to set forth a sentencing factor in 8 U.S.C. § 1326(b)(2)
and not a separate criminal offense.  Alvarado's argument that Almendarez-Torres should be overruled was
recently advanced by Justice Thomas, the key fifth vote in the Almendarez-Torres five-member majority:

> Almendarez-Torres ... has been eroded by this Court's subsequent Sixth
> Amendment jurisprudence, and a majority of the Court now recognizes
> that Almendarez-Torres was wrongly decided.  See 523 U. S. at 248–249
> (SCALIA, J., joined by STEVENS, SOUTER, and GINSBURG, JJ.,
> dissenting); Apprendi, supra, at 520–521 (THOMAS, J., concurring).  The
> parties do not request it here, but in an appropriate case, this Court should
> consider Almendarez-Torres' continuing viability.

Shepard v. United States, 125 S. Ct. 1254, 1264 (2005)(THOMAS, J., concurring).

§ 1326(b), is likewise unconstitutional.  He thus requests that he be re-sentenced pursuant to the now-advisory federal guidelines and without any enhancement under § 1326(b).

## IV.  DISCUSSION

### A.    28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

The Court need not address whether Alvarado has procedurally defaulted his claim by failing to appeal.  Rather, the Court concludes that he waived the sole claim he raises in his § 2255 motion, and thus it does not reach the merits of his claim.  United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994)(enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v. McKinney, 406 F.3d 744, (5th Cir. 2005)(enforcing, post-Booker, a waiver of appeal rights that was signed prior to the issuance of Booker).

5

**B.**     **Waiver of § 2255 Rights**

It is clear from the rearraignment transcript that Alvarado understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required for a knowing waiver.  (R. Tr. at 22). See Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up).   Alvarado's sworn statements in open court are entitled to a strong presumption of truthfulness.  United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977)); Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition).  Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Those statements support a finding that his wavier was knowing and voluntary.  Alvarado's claim falls within the scope of that waiver.  Thus, his claim is not properly before the Court.  See generally Wilkes, supra; White, supra.

The Court also notes that the fact that Blakely and Booker were not decided until after Alvarado signed his waiver does not place his claim outside the scope of the waiver. The Fifth Circuit has clearly held that "Blakely and Booker do not alter the plain meaning of appeal-waiver provisions in valid plea agreements." McKinney, 406 F.3d at 746-47 & n.5 (5th Cir. Apr. 15, 2005); see also, e.g., United States v. Killgo, 397 F.3d 628, n.2 (8th Cir. 2005)(enforcing waiver of appeal rights as to Sixth Amendment claim, noting that "[t]he fact that [defendant] did not anticipate the Blakely or Booker rulings does not place the

issue outside the scope of his waiver"); <u>United States v. Rubbo</u>, 396 F.3d 1330, 1335 (11th Cir. 2005)(upholding waiver of appeal rights signed prior to <u>Blakely</u> in case raising <u>Booker</u> claim); <u>United States v. Bradley</u>, 400 F.3d 459, 465-66 (6th Cir. 2005)(enforcing defendant's waiver of appeal signed prior to <u>Booker</u> as barring his <u>Booker</u> claim and collecting federal circuit court authority in agreement).

## C.    Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Alvarado has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA.  <u>See</u> <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).

7

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000)(emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)(applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Alvarado has stated a valid claim for relief, because he cannot establish the second Slack criterion.  That is, reasonable jurists would not disagree that the claim raised in his motion is barred due to his waiver.  Accordingly, Alvarado is not entitled to a COA.

## V.  CONCLUSION

For the foregoing reasons, the government's motion to dismiss (D.E. 59) is GRANTED, and Alvarado's motion to vacate, correct, or set aside his sentence pursuant to  28 U.S.C. § 2255 (D.E. 56) is DISMISSED WITH PREJUDICE.  Additionally, Alvarado is DENIED a Certificate of Appealability.

ORDERED this 9th day of October 2005.

HAYDEN HEAD
CHIEF JUDGE